```
          IN THE UNITED STATES DISTRICT COURT FOR THE
                  SOUTHERN DISTRICT OF ALABAMA
                        SOUTHERN DIVISION
```

EDDIE BROADNAX,                   :
                                  :
    Plaintiff,                    :
                                  :
vs.                               :      CIVIL ACTION 16-0080-CB-M
                                  :
DR. ILIFF, et al.,                :
                                  :
    Defendants.                   :


REPORT AND RECOMMENDATION

Plaintiff, an Alabama prison inmate proceeding *pro se* and in *forma pauperis*, filed a Complaint under 42 U.S.C. § 1983. This action has been referred to the undersigned pursuant for appropriate action pursuant to 28 U.S.C. § 636(b)(1)(B) and S.D. Ala. Gen.LR 72(a)(2)(R), and is before the Court for Plaintiff's failure to comply with the Court's Order and to prosecute this action.

On April 18, 2016, after review of Plaintiff's Motion to Proceed Without Prepayment of Fees, Plaintiff was ordered to pay a $4.90 partial filing not later than May 18, 2016 (Doc. 3). This Order was mailed to Plaintiff at Fountain Correctional Facility, Fountain 3800, Atmore, Alabama 36503, his last known address, and was returned by postal authorities with the notation "Paroled, Return to Sender, Capt. Knight" (Doc. 4). Upon receipt of the undeliverable mail, the Clerk contacted the

Department of Corrections for a forwarding address, but was referred to the Board of Pardons and Parole.  On April 28, 2016, the Court contacted the Board of Pardons and Parole and was advised that Plaintiff was paroled on February 22, 2016, and was given the name and telephone number of Plaintiff's Parole Officer to obtain Plaintiff's current address.  Plaintiff's Parole Officer, Seth Lewis, was contacted on April 28, 2016, and a message was left on his answering machine.  To date, Seth Lewis has not contacted the Court, nor has Plaintiff advised the Court of his release and current address.  Plaintiff was previously warned that his failure to notify the Court immediately of a change in address would result in the dismissal of his action for failure to prosecute and to obey the Order of the Court (Doc. 3).

    Plaintiff has not advised the Court of a change in his address, and there is not current address for him.  Thus the Court finds that Plaintiff has abandoned prosecution of this action.  Due to Plaintiff's failure to comply with the Court's Order and to prosecute this action, and upon consideration of the alternatives that are available to the Court, it is recommended that this action be dismissed without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute and to obey the Court's Order, as no

other lesser sanction will suffice.  Link v. Wabash R. R., 370 U.S. 626, 630, 82 S.Ct. 1386, 1388-89, 8 L.Ed.2d 734, 738 (1962) (interpreting Rule 41(b) not to restrict the court's inherent authority to dismiss sua sponte an action for lack of prosecution); see also World Thrust Films, Inc. v. International Family Entm't, Inc., 41 F.3d 1454, 1456-57 (11th Cir. 1995) (requesting the court to consider lesser sanctions); Mingo v. Sugar Cane Growers Co-op, 864 F.2d 101, 102 (11th Cir. 1989)(Same); Goforth v. Owens, 766 F.2d 1533, 1535 (11th Cir. 1985)(Same); Jones v. Graham, 709 F.2d 1457, 1458 (11th Cir. 1983)(Same); Blunt v. U.S. Tobacco Co., 856 F.2d 192 (6th Cir.1988) (Unpublished); Accord Chambers v. NASCO, Inc., 501 U.S. 32, 45-46 (1991)(ruling that federal courts' inherent power to manage their own proceedings authorized the imposition of attorney's fees and related expenses as a sanction); Malautea v. Suzuki Motor Co., 987 F.2d 1536, 1545-46 (11th Cir.)(finding that the courts' inherent power to manage actions before it permitted the imposition of fines), cert. denied, 510 U.S. 683 (1993).

### NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14)

days of the date of service of this document, file specific written objections with the Clerk of this Court.  *See* 28 U.S.C. § 636(b)(1); FED.R.CIV.P. 72(b); S.D. ALA. Gen.LR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice."  11th Cir. R. 3-1.  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

DONE this 6th day of June, 2016.

                                      s/BERT W. MILLING, JR.
                                      UNITED STATES MAGISTRATE JUDGE